UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DENNIS JOEL DEPAOLI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-0288 AS |
| ) | |
| **BROADWAY METHODIST** ) | |
| **HOSPITAL, TRAVELS INSURANCE,** ) | |
| **JOHN O'ROURKE, and DAVIS** ) | |
| **WILLS,** ) | |
| ) | |
| Defendants. ) | |

***OPINION AND ORDER***

Dennis DePaoli, a prisoner confined in a Florida penal facility, submitted a complaint and amended complaint, alleging that the defendants committed racketeering, collusion, and fraud in violation of 18 U.S.C. § 1964 ("RICO"). After a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The federal RICO statute requires a plaintiff to establish that the defendant is involved in an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a). There must be some effect on interstate commerce to satisfy this jurisdictional element. *U.S. v. Muskovsky*, 863 F.2d 1319, 1325 (7th Cir. 1988). Section 1962 is a criminal statute, and an individual plaintiff cannot proceed directly under this statute. Section 1964 is entitled "civil remedies," and allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to bring a claim for civil damages. Mr. DePaoli's federal civil RICO claim arises under § 1964. To recover on a civil RICO claim pursuant to § 1964, "plaintiffs must prove, first, that

§ 1962 was violated; second that they were injured in their business or property; and third, that the § 1962 violation caused the injury." *Cox v. Administrator U.S. Steel &* Carnegie, 17 F.3d 1386, 1396 (11th Cir. 1994).

Mr. DePaoli alleges that in 1972, the defendant Broadway Methodist Hospital entered into a contract with U.S. Piping, a company in which he says he owned stock and was a company officer. The contract called for the work to be completed by 1974, but, according to Mr. DePaoli, the contract did not reach completion until 1978. Mr. DePaoli alleges that the defendants then coerced him into settling the claims for this case.

The appropriate statute of limitations to be applied in RICO civil enforcement actions is the four-year statute of limitations applicable to Clayton Act civil enforcement. *Tellis v. U.S. Fidelity & Guaranty Co.,* 826 F.2d. 477 (7th Cir. 1986). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994). Because all of the events presented in the first amended complaint occurred more than four years before Mr. DePaoli submitted his original complaint to the court, the RICO claims he seeks to bring are barred by the statue of limitations.

For the foregoing reasons, the court **DISMISSES** the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

**ENTERED**: July 19 , 2006

                                                        S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**